CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 10 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ROSE M. PIERON, | ) | |
| | ) | Civil Action No. 5:06CV00040 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | By:  Hon. Glen E. Conrad |
| | ) |      United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Rose M. Pieron, was born on August 3, 1960. Ms. Pieron subsequently earned a general equivalency degree. She attended college for a short period of time. Ms. Pieron has worked primarily as an airline reservations agent. She last worked on a regular and sustained basis in 2003. On March 15, 2004, Ms. Pieron filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on February 11, 2003 due to cervical spondylosis at C3-4-5; cervical disc herniation; cervical retrolisthesis in her cervical spine; fibromyalgia; disc herniation in the

lumbar spine, and pain in the lower back. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Pieron met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. § 423.

Ms. Pieron's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 31, 2005, the Law Judge also determined that Ms. Pieron is not disabled. The Law Judge found that plaintiff suffers from a back disorder, cervical disc disease, and fibromyalgia. The Law Judge assessed plaintiff's residual functional capacity as follows:

> The claimant retains the residual functional capacity to perform the exertional demands of a wide range of work at the light level of exertion. She has the capacity to lift or carry up to 20 pounds occasionally and 10 pounds frequently, with no prolonged walking and standing, and she requires a sit/stand option at intervals of 45 minutes. She can occasionally climb, balance, bend, stoop, kneel, crouch, squat, crawl, and twist, but she cannot do constant, repetitive motion of her head. The claimant has moderate limitations in her ability to concentrate, maintain attention for extended periods, keep up a pace, as a function of pain, and to respond appropriately to changes in the work setting. (TR 24).

Despite plaintiff's reduced physical capacity, the Law Judge ruled that Ms. Pieron could still perform work as an airline reservations agent. Accordingly, the Law Judge alternately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(f) and 416.920(f).

Ms. Pieron sought review of the Law Judge's decision by the Social Security Administration's Appeals Council. In connection with her request for review, plaintiff submitted additional medical evidence. However, on March 17, 2006, the Appeals Council adopted the Law

Judge's opinion as the final decision of the Commissioner. Having now exhausted all available administrative remedies, Ms. Pieron has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court must conclude that the plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). The medical record establishes that Ms. Pieron has suffered from problems in her cervical spine for many years. More recently, a rheumatologist has diagnosed fibromyalgia. While plaintiff contends that she now suffers from disabling pain as a result of these medical problems, the court must agree that there is substantial evidence to support the Commissioner's determination that Ms. Pieron's *physical* problems are not disabling in and of themselves. Stated succinctly, the objective medical studies establish that plaintiff's cervical problems are not so severe as to reasonably result in disabling pain. Furthermore, there is no reason to believe that plaintiff's fibromyalgia is advanced. On the other hand, the medical record also suggests that Ms. Pieron experiences severe nonexertional impairments. In assessing plaintiff's

3

residual functional capacity, the Administrative Law Judge recognized the interplay of nonexertional components.

As previously noted, following the Law Judge's decision, Ms. Pieron submitted new medical evidence to the Social Security Administration's Appeals Council, in connection with her request for review. The new evidence consists of a mental health assessment from Valley Behavioral Medicine, dated February 10, 2006. As a result of that assessment, Ms. Pieron was said to be suffering from post traumatic stress disorder and cyclothymic disorder, probably bi-polar II.

After receiving the new evidence, the Appeals Council offered the following statement in its letter adopting the Law Judge's opinion as the final decision of the Commissioner:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision. (TR 7-8).

This court has consistently held that if the Appeals Council ostensibly considers new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D.Va. 1998). In Stawls v. Califano, 596 F.2d 1209 (4th Cir. 1979), a case with a slightly different procedural background than the instant case,[1] the Court ruled as follows:

> The Secretary stated that he considered all of the evidence in the record, including the post-June 30, 1962 evidence. Even assuming that schizophrenia is progressive

---

[1] In Stawls, the claimant tendered to the Appeals Council letters from several psychiatrists who had previously submitted reports in the case. The letters dealt with the onset of plaintiff's psychiatric disability. Unlike the present case, the Appeals Council in Stawls granted the request for review. The Appeals Council stated "after considering this additional evidence, the Council is of the opinion that it does not show that you were under a 'disability' which began on or before the date you were last insured and which existed continuously to a time within the effective life of your application." 596 F.2d at 1212.

4

in nature, proof that appellant was disabled due to schizophrenia after June 30, 1962 is probative of the fact that she may have been disabled due to schizophrenia before June 30, 1962, although it is not conclusive. But neither the opinion of the administrative law judge nor that of the Appeals Council indicates the weight afforded the post-June 30, 1962 evidence. As we have stated on more than one occasion, <u>the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight</u>. (Emphasis added). (Citations omitted).

596 F.2d at 1213. As noted by the Fourth Circuit in <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983),"[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."

The court notes that the Commissioner has cited <u>Wilkins v. Secretary</u>, 953 F.2d 93 (4th Cir. 1991) in support of the proposition that the Appeals Council is not required to give reasons for denying a claimant's request for review. The court does not believe that the decision in <u>Wilkins</u> supports the Commissioner's position. In <u>Wilkins</u>, the Court held that the Commissioner must consider "interim" evidence presented to the Appeals Council, if that evidence relates to the issue of disability during the period of time adjudicated by the Law Judge. In <u>Wilkins</u>, the Appeals Council had considered the "interim" evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.[2] The court does not believe that the decision in <u>Wilkins</u> speaks to the situation in which the "interim" evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the

---

[2] This court has adopted the same approach in numerous social security appeals when it is clear upon review of "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. However, the court is of the opinion that this sort of analysis is not appropriate when the "interim" evidence is not conclusive and merely serves to create further conflict in the administrative record.

5

Commissioner to indicate his reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review.

In the instant case, the Law Judge explicitly recognized that Ms. Pieron suffers from nonexertional symptoms, though the Law Judge did not attempt to characterize the nature of her underlying disorder. In his opinion, the Law Judge recognized that, at the time of the administrative hearing, plaintiff testified that she had a "new psychiatrist" in Winchester, but that she was looking for another psychiatrist. (TR 257). She also testified that she takes medication for depression and post traumatic stress disorder. (TR 257). She described her anxiety-related symptoms. (TR 273). Moreover, the court notes that the medical record before the Administrative Law Judge included a letter from a licensed professional counselor indicating that plaintiff suffers from a depressed mood with symptoms consistent with a diagnosis of adjustment disorder. The licensed professional counselor recommended that Ms. Pieron follow up with a medical professional.

Given these circumstances, it appears to the court that the diagnosis of bi-polar disorder merited a more thorough response than that offered by the Appeals Council. In the court's view, this is a case in which a psychiatric or psychological consultative evaluation would be most helpful. It must be recognized that the Appeals Council received the report from Valley Behavioral Medicine into the record. Yet, the administrative decision does not address the nature or vocational impact of psychiatric problems which include a diagnosis of bi-polar disorder. In light of this uncertainty, the court believes that the Appeals Council should have offered some reason for adopting the Law Judge's opinion, despite the new psychiatric findings.

The court agrees that the Appeals Council might have reasonably weighed the new evidence in such a way as to have justified the ultimate adoption of the Law Judge's decision. After all, the

new report was generated in 2006, several months after the Law Judge issued his opinion. Furthermore, the new report was descriptive of only a mild form of bi-polar disorder, and no specific vocational manifestations were noted. On the other hand, the court again notes that the earlier medical record included notations of psychiatric treatment, and that the more later findings might reasonably relate back to that earlier period of time. As for the severity of the condition diagnosed, the critical inquiry is not whether plaintiff is totally disabled as a result of emotional problems, but rather whether such difficulties affect the limited range of work activities for which she is otherwise physically capable. As it now stands, the final decision of the Commissioner simply does not address these crucial factual questions. Without some understanding as to the reasons for the administrative decision, the court finds itself unable to undertake a meaningful substantial evidence review. In light of the particular features in Ms. Pieron's case, it does not seem unreasonable to expect the Appeals Council to share its reasons for its treatment of the new evidence, and for its ruling that the evidence does not necessitate any change in the Law Judge's opinion. The court finds "good cause" for remand of this case for such a purpose.

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. An appropriate order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 10th day of July, 2007.

*/s/ Glen E. Conrad*
United States District Judge