CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 23 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROSE M. PIERON, | ) |
| | ) Civil Action No. 5:06CV00040 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is established under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

By earlier Memorandum Opinion and Order entered July 10, 2007, the court remanded this case to the Commissioner of Social Security for further consideration of plaintiff's claims for benefits. The Commissioner has now filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A hearing on the motion was held by telephone on August 22, 2007. In ruling on the motion, the court expressly incorporates its summary of the factual and procedural history as set forth in the court's earlier Memorandum Opinion.

The plaintiff, Rose M. Pieron, filed applications for disability insurance benefits and supplemental security income benefits on March 15, 2004, alleging disability since February 11, 2003 on the basis of a number of physical impairments. In an opinion dated October 31, 2005, an Administrative Law Judge denied Mrs. Pieron's claims for benefits. The Law Judge ruled that Ms.

Pieron retained sufficient functional capacity to return to her past relevant work as an airline reservations agent. Plaintiff sought review of the Administrative Law Judge's decision by the Social Security Administration's Appeals Council. In connection with her request for review, Ms. Pieron submitted a series of new medical reports from the Valley Behavioral Medicine Clinic of Rockingham Memorial Hospital. The new reports described diagnosis and treatment of bi-polar disorder of moderate severity. The Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. In so doing, the Appeals Council clearly stated that it had considered the reports from the Valley Behavioral Medicine Clinic. (TR 7). However, the Appeals Council offered no reasons as to why the new submission was not considered to be such as to justify further review of the Law Judge's opinion. Ms. Pieron then appealed to this court.

In its opinion and order of July 10, 2007, the court remanded the case to the Commissioner for further consideration. Citing the decision of the United States Court of Appeals for the Fourth Circuit in <u>Wilkins v. Secretary</u>, 953 F.2d 93 (4th Cir. 1991), and its own opinion in <u>Alexander v. Apfel</u>, 14 F. Supp. 2d 839 (W.D.Va. 1998), the court concluded that it could not undertake a meaningful substantial evidence review of the Commissioner's final decision in the absence of some reasoning in support of the Appeals Council's determination that the new report from Valley Behavioral Medicine Clinic was not such as to justify further review of plaintiff's claims on the merits.

In seeking reconsideration, the Commissioner argues that the court has misread the Fourth Circuit's decision in <u>Wilkins v. Secretary</u>, <u>supra</u>. In addition, the Commissioner maintains that the interim evidence from Valley Behavioral Medicine Clinic is not so material or probative as to necessitate further administrative adjudication of plaintiff's claims for benefits.

2

For reasons stated in the earlier Memorandum Opinion in this case, as well as in the court's opinion in <u>Alexander v. Apfel</u>, <u>supra</u>, the court remains convinced that if the Appeals Council ostensibly considers new "interim" evidence in denying review of a claim, the court cannot undertake a meaningful substantial evidence review of the Commissioner's treatment of the "interim" evidence without some indication as to why the Commissioner deemed further administrative consideration to be unnecessary. The court believes that this ruling is in accord with numerous decisions of the United States Court of Appeals for the Fourth Circuit. For example, in <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983), it is noted that "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the Administrator." <u>See</u> also <u>Stawls v. Califano</u>, 596 F.2d 1209, 1213, (4th Cir. 1979). Stated differently, while the court might engage in its own fact finding, and attempt to identify some reasons which would indicate that the new report from Valley Behavioral Medicine Clinic does not tip the scales in plaintiff's favor, the court has absolutely no basis upon which to determine whether the reasons considered sufficient by the Appeals Council are supported by substantial evidence. Accordingly, the court rejects the Commissioner's arguments concerning the legal foundation of the court's decision in this case.

As a second argument, the Commissioner contends that all of the relevant findings of the Valley Behavioral Medicine Clinic report were considered by the Administrative Law Judge, and that the report is merely cumulative. The court believes that this argument presents a much closer question. In <u>Alexander v. Apfel</u>, <u>supra</u>, the court noted that remand is sometimes unnecessary when it is clear upon consideration of such "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. 14 F. Supp. 2d at 844, n. 3. In other words,

3

if it can be reasonably determined that there is no basis upon which consideration of such "interim" evidence, when viewed along with all the other evidence in the case, could result in a decision favorable to the claimant, remand of the case is neither necessary nor appropriate.

In arguing that such an exception to the general rule applies in Ms. Pieron's case, the Commissioner notes that, in considering the earlier evidence of record, the Administrative Law Judge specifically recognized that plaintiff suffered from some measure of depression and post-traumatic stress disorder. (TR 20). In questioning the vocational expert, the Law Judge posed a hypothetical question which included an assumption of moderate limitation in the ability to concentrate, maintain attention for extended periods, keep up the pace, and respond appropriately to changes in the work setting. (TR 276). Even given the later diagnosis of bi-polar disorder, the Commissioner argues that the manifestations of such a condition have already been given full consideration.

While the court agrees that the Administrative Law Judge did an admirable job in considering all of the limitations suggested by the medical evidence before him, the fact remains that the Law Judge ultimately determined that Ms. Pieron's emotional problems did not result in a severe impairment within the meaning of 20 C.F.R. §§ 404.1521 and 416.921. Perhaps more importantly, the court also notes that the Administrative Law Judge ultimately found it unnecessary to rely on the vocational expert's response to the hypothetical question, finding instead that Ms. Pieron possessed the residual functional capacity to return to her past relevant job as an airline reservations agent. While the Appeals Council stated that it had considered the new report from Valley Behavioral Medicine Clinic, there is no indication that the fact finder has addressed the questions as to whether Ms. Pieron actually suffers from bi-polar disorder, whether such a condition represents a severe

4

impairment, and whether a person who does suffer from such a condition could work as an airline reservations agent.

As noted in the court's earlier opinion, Ms. Pieron testified at the administrative hearing that she was seeing a "new psychiatrist" and that she was looking for additional psychiatric service. (TR 257). She related that she takes medication for depression and post-traumatic stress disorder. (TR 257). She described anxiety related symptoms. (TR 273). The medical record considered by the Administrative Law Judge also reveals that plaintiff was seen by a licensed professional counselor who reported that Ms. Pieron suffers from a depressed mood, with symptoms consistent with a diagnosis of adjustment disorder. (TR 230). The counselor recommended that plaintiff seek additional psychiatric treatment and medication. (TR 230). Apparently, as a result of this recommendation, Ms. Pieron presented for treatment at Valley Behavioral Medicine Clinic. The evidence submitted to the Appeals Council reveals that the mental health specialists at this facility diagnosed bi-polar disorder and initiated appropriate treatment. (TR 238). Ms. Pieron's GAF was said to be 55.[1] (TR 239).

Considering all the evidence of record, the court is unable to conclude that it is beyond question that the Administrative Law Judge would have reached the same findings in this case notwithstanding the new psychiatric diagnosis. As noted in the new psychiatric report, a GAF of 55 is consistent with a finding of moderate difficulty in social, occupational, or school functioning. (TR 239). The court believes that there is a reasonable question as to whether a person with moderate difficulty in interpersonal relationships could be expected to perform work as an airline reservations

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 47.

agent. Clearly, the vocational expert was not asked to consider difficulty in interpersonal relationships as one of the nonexertional impairments in Ms. Pieron's case. Thus, there is no reason to believe that the Administrative Law Judge considered such a limitation in evaluating the evidence in its totality.

The Commissioner is charged to consider the synergistic effect of all the claimant's impairments. It must be remembered that, under the findings of the Administrative Law Judge, Ms. Pieron suffers from a number of significant limitations based solely on her physical impairments. (TR 24). According to the Law Judge, plaintiff is limited to light exertion. She is unable to engage in prolonged walking and standing, and she requires a sit/stand option at intervals of 45 minutes. She has a limited ability in hearing, and must avoid concentrated exposure to noise. The court is unable to conclude that the additional interplay of a bi-polar disorder, and its attendant medication side effects, are of no consequence, and could not be expected to affect plaintiff's performance of the work for which she is otherwise physically capable. Under the adjudicatory scheme established pursuant to the Social Security Act, these considerations and factual findings are reserved for the Commissioner. Inasmuch as the Appeals Council specifically stated that it had considered the interplay and significance of the new psychiatric evidence, the court believes that the Appeals Council is properly charged to give some reason for its ultimate conclusion that there was no basis for changing the Administrative Law Judge's decision. The Commissioner of Social Security is most scrupulous in defending his role as the finder of fact in the adjudication of social security cases. The court's rule in the instant case merely requires that the Commissioner exercise that role, and not leave to the court's speculation what weight has been assigned to medical evidence presented for the Commissioner's consideration.

For these reasons, the Commissioner's motion will be denied. While a moderately severe bi-polar disorder may not render a claimant totally disabled in and of itself, such a condition has vocational consequences. Upon remand, the Commissioner shall assess those consequences. If it is determined that Ms. Pieron was not disabled during the period of time adjudicated by the Administrative Law Judge, the Commissioner shall state his reasons in support of such a conclusion, so that the court may undertake a meaningful substantial evidence review.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 23rd day of August, 2007.

*/s/ Glen Conrad*
United States District Judge

7

Case 5:06-cv-00040-GEC   Document 30   Filed 08/23/07   Page 7 of 7   Pageid#: 104